IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LEE DARRELL CRAYTON, #0918103,** § <br> Petitioner, § <br> § <br> v.  § <br> § <br> **LORIE DAVIS, Director,** § <br> **Texas Department of Criminal Justice,** § <br> **Correctional Institutions Div.,**[1] § <br> Respondent. § | **CIVIL CASE NO. 3:17-CV-3304-B-BK** |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On October 19, 2017, the United States District Court for the District of Columbia construed Petitioner's *Order for Issuance of Writ of Habeas Corpus by Higher Court Directive to Lower Court* as a petition for writ of habeas corpus and transferred the case to this Court. Doc. 6. On December 5, 2017, the order of transfer was electronically transmitted to this Court. Upon review, this case is apparently duplicative of a habeas action already pending before this Court and, thus, should be dismissed as such.

While Petitioner's pleading is difficult to decipher and nonsensical, in it he claims, *inter alia,* that he "is illegally imprisoned and restrained of liberty" by the Sheriff of Dallas County. And although initially filed in the District of Columbia, the style of this case apparently lists as a cause number 3:17-CV-1854-L-BF – a pending habeas corpus action in this court, in which Petitioner is challenging his conviction for aggravated sexual assault in Dallas County case number F98-70332. Doc. 1 at 1. Moreover, Petitioner's October 6, 2017 *Notice and Affidavit by*

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases provides that "the petition must name as respondent the state officer who has custody" of petitioner. Because petitioner challenges a conviction that has resulted in his incarceration in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ-CID), its director has custody of him. TDCJ-CID Director Lorie Davis is therefore substituted as respondent in this case. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

*Special Visitation of Third Party Interpleader* (filed in this case), in which Petitioner lists in the style both the District of Columbia District Court cause number and this Court's Cause No. 3:17-CV-1854-L-BF, he again references his state conviction in Dallas County Cause No. F98-70332. Doc. 3; Doc. 5.

Based on the foregoing, it appears that this transferred habeas action is duplicative of the habeas action already pending in this Court in Cause No. 3:17-CV-1854-L-BF. As such, this case should be dismissed *sua sponte* as duplicative. No prejudice will result to Petitioner as he can request leave to amend his petition in Cause No. 3:17-CV-1854-L-BF to raise any additional arguments he may have.

**SO RECOMMENDED** on December 20, 2017.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE